## POLK & HUBBELL v. FOSTER ET AL.

1. **Appeal to Supreme Court:** ACTION AGAINST COUNTY SUPERVISORS: NOTICE. In a proceeding in *certiorari* to test the legality of the action of a board of supervisors in establishing a public road, where the county was not a party, nor liable for costs, *held* that the county auditor was not a proper person upon whom to serve notice of an appeal to bind the defendants; the action in such case not being against the county, (Code, § 2610,) and he not being the agent of the supervisors. (Code, § 3178.)

*Appeal from Dickinson Circuit Court.*

FRIDAY, MARCH 4.

THIS is a proceeding in *certiorari*, to test the legality of the action of the board of supervisors of Dickinson county in establishing a public road across land owned by the plaintiffs. The court below affirmed the action of the board, and the plaintiffs appeal.

*O. Rice* and *J. S. Polk*, for appellants.

*J. W. Cory*, for appellees.

ADAMS, CH. J.—The appellees raise upon the threshold a a question of jurisdiction. They insist that no appeal has been taken to this court. The fact appears to be that notice of appeal was served upon the clerk of the court and upon the county auditor, but not upon the defendants, unless service upon the county auditor was service upon them. Section 3178 of the Code provides that service may be made upon the agent of a party, and the plaintiffs' position is that the

county auditor is agent of the board of supervisors. They rely upon the fact that he keeps the records of the board, (Code, § 320;) that, in the location of a highway, he is charged with specific duties, (Code, §§ 924, 934, 944, 949, 961;) and that, in suits against the county, it is expressly provided that service of notice may be made upon him. But, in our opinion, he cannot properly be considered as the agent of the board, either in keeping the records, or in discharging the duties imposed upon him by statute in the establishment of a highway. In whatever he does, he acts as a public officer. He is not appointed by the board, nor discharged by it, nor is he subject to its control in the performance of his duties. The express provision made in section 2610 of the Code, that, in an action against a county, service upon the county may be made by service upon the auditor, does not aid the plaintiffs, unless these proceedings can be regarded as an action against the county, and, in our opinion, they cannot. The papers do not show that any one is made defendant but the members of the board. It is not the county that is charged with having acted illegally, nor has the county become liable even for costs. Having reached this conclusion, it is not important nor proper that we should express an opinion upon the merits of the case. We might be allowed to say that we reach the conclusion that the appeal must be dismissed with less regret, because a majority of the court are inclined strongly to think that the matters complained of are mere irregularities, and not of such a character as to entitle the plaintiffs to a judgment in their favor, annulling the action of the board.

The appeal must be

DISMISSED.